[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
FACTS
This is an appeal from the decision of the Board of Zoning CT Page 1428-U Appeals of the City of New Haven rendered on June 14, 1995. On that date the board granted a Special Exception to the City of New Haven Child Development Program to operate a day care facility from the former St. Michael's School classroom building and adjoining gymnasium. In conjunction with the Special Exception, the applicant was permitted to use the former convent next to St. Michael's School for administrative office space.
The use of the former school building as a day care center is a permitted use in the zone by Special Exception. The office space is permitted only if it is accessory to the primary use.
For all practical purposes an identical application had been approved on July 19, 1994. This court overturned that approval finding that the accessory use and the primary use were not located on the same lot, a requirement of the New Haven Regulation. The parties agree that that defect has subsequently been cured by the combining of lots.
At least at the time of argument on the matter, the plaintiff did not contest the right of the City to use the former school as a day care center. The plaintiff's argument is that the administrative office space is intended to be office space for numerous day care centers run by the City and, accordingly, is a central office, not an accessory use to the local day care center.
In its earlier decision in Marcarelli v. Board of ZoningAppeals, CV94 0364769S (April 17, 1995) this court held:
 "On the record before it, the court is unwilling to disturb the conclusion of the New Haven Board of Zoning Appeals that the use of the convent for administrative office space is accessory to the day care center."
In the instant case, the plaintiff introduced evidence bearing on the question of whether the actual office use was accessory to the primary day care use. The plaintiff argued that the administrative office was in fact a primary use since it was a central office for the citywide New Haven Child Development Program with supervision over eleven other child development program centers in the City of New Haven.
At the hearing before the local agency, the plaintiff showed a copy of the current telephone book to the board which listed an CT Page 1428-V office of the New Haven Child Development Program at 264 Green Street, New Haven, the former St. Michael's Convent. There was some argument at the hearing whether this location was identified as the main office or as the administrative offices.
The court notes that in Exhibit D of the Return of Record the applicant applied for a Special Exception to operate:
 "Day care for maximum of 160 children at former St. Michael's School with accessory offices for maximum of 10 staff members at 264 Green Street. Possible, infrequent use of church hall per addendum." [emphasis in the original]
AGGRIEVEMENT
The court finds that the plaintiff is the owner of property at 37 Wooster Place, New Haven which abuts the subject property. Accordingly, the plaintiff is aggrieved by the decision of the board because he is the owner of property which abuts or is within a radius of 100 feet. Connecticut General Statute §8-8(a)(1).
DISCUSSION
As the court has previously noted, at the time of the earlier hearing on substantially the identical application, the court ruled that the office use could not be accessory to the day care center because it was not located on the same lot as required by the regulations. Subsequent to that application, the lot problem was solved by combining the lots in question. The plaintiff's challenge to the accessory nature of the use was not seriously advanced in the first argument. The only addition to the original application is the addition of the words "possible, infrequent use of church hall per addendum." The application as it affects the relationship between the school and the accessory offices is completely unchanged.
The court recognizes that the plaintiff has introduced some evidence which tends to show that the office space is being used for a purpose beyond the legitimate use of an accessory building. However, the court notes that there is nothing in the application which requests permission to engage in such a use. If, in fact, the applicant is using its property in a manner different from that requested in its special permit application, the plaintiff may have enforcement remedies available to him. This court is not CT Page 1428-W prepared, even if it believed the evidence justified such a conclusion, to find that a special permit is improvidently granted because an abutter attempts to show that the intention is different from that stated in the application. While the court makes no finding of fact with regard to whether or not the subject property is being used as an accessory use, or whether the actual use exceeds that scope of the permit, the court does find that the application as filed and approved is supported by the record before it and the appeal is dismissed.
The court by
Kevin E. Booth, Judge